IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Ray Thomas, II, <br><br> Plaintiff, <br><br> v. <br><br> Lakeview Loancare, LLC, Santander Consumer USA, and BBVA USA, <br><br> Defendants. | Case No.: 4:20-cv-04252-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the court for review of the November 30, 2021 Report and Recommendation of United States Magistrate Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 77.] In the Report, the Magistrate Judge recommends that Plaintiff's motion for summary judgment, ECF No. 35, be denied, Defendants' motions to dismiss, ECF Nos. 30, 37, 49, be granted, and this case be dismissed. *Id.* For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681. Upon an initial review of Plaintiff's claims, the Magistrate Judge recommended summary dismissal of the claims arising under the FRCA because the Act does not provide a private right of action for Plaintiff's allegations that the Defendants furnished inaccurate information to credit bureaus. [ECF No. 23 at 2–3.] Thereafter, this court adopted the

1

Report and Recommendation of the Magistrate Judge, ECF No. 23, and dismissed Plaintiff's FRCA claims. [ECF No. 75.]

After Plaintiff's FDCPA allegations survived the court's initial review, Defendants filed motions to dismiss the FDCPA claims, ECF Nos. 30, 37, 47, and Plaintiff filed a motion for summary judgment on the claims, ECF No. 35. On November 30, 2021, the Magistrate Judge issued his Report recommending dismissal of Plaintiff's FDCPA claims, and thus, this case in its entirety. [ECF No. 77.] Plaintiff timely filed objections to the Report, ECF No.79, and Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC (incorrectly named in this case as the singular entity "Lakeview Loancare, LLC") filed a reply, ECF No. 80. This matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One*

2

*Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff fails to raise specific objections to the Report. Instead, Plaintiff states that he generally misunderstands the Report's findings, suggests that he has raised a federal question, and raises broad allegations of misconduct. *See* [ECF No. 79 at 1.] Plaintiff admits that he is willing to accept the Report's recommendation if the court "decides [that] federal law does not apply to this case." *Id.* at 2. And because the Report properly found that the Defendants in this action are not "debt collectors" for purposes of the FDCPA, the court finds that the FDCPA does not in fact apply to this case.

The Report explained that under the FDCPA, creditors collecting their own debts are not considered "debt collectors" so long as the debt was not in default at the time it was assigned. [ECF No. 77 at 7.] And here, because "Defendants Lakeview, Santander, and BBVA were

assigned the loans at issue *before* they were in default," the Defendants are not "debt collectors" for purposes of the FDCPA. *Id.* at 8 (emphasis added). Instead, the Defendants are creditors, "parties to whom a debt is owed." *Id.* (citing *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016) ("[T]he FDCPA regulates debt collectors, not creditors, and . . . the two terms, as used in the Act, are mutually exclusive.")). The Report also explained that Defendant LoanCare, a mortgage servicing company, was also not a "debt collector" for purposes of the FDCPA. *Id.* (citing *Allen v. Bank of Am., N.A.*, 933 F. Supp. 2d 716, 729 (D. Md. 2013)).

Because none of the Defendants are "debt collectors" for purposes of the FDCPA, the Report properly found that they are are exempt from its provisions. Accordingly, Plaintiff's FDCPA claims against Defendants must be dismissed. As a result, there are no remaining federal claims for this court to rule on, and dismissal of this case is appropriate.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 77, in its entirety and hereby incorporates the Report by reference. As a result, Defendants' motions to dismiss, ECF Nos. 30, 37, 49, are **GRANTED**, Plaintiff's motion for summary judgment, ECF No. 35, is **DENIED**, and this case is hereby dismissed.

**IT IS SO ORDERED.**

January 6, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

4